IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MELODY VIGIL,

    Plaintiff,

vs.                               Civ. No. 01-370 WWD/LFG ACE

CITY OF SANTA FE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon the Motion for Summary Judgment filed by Defendant City of Santa Fe on February 11, 2002 (Docket # 32). Defendant contends that Plaintiff's Title VII claim alleging sexual harassment should be granted since there is no genuine issue of material fact, and that it is entitled to summary judgment as a matter of law. For the reasons stated below, I agree with Defendant and summary judgment will be granted.

**Background.**

Plaintiff was hired in an exempt position in the City of Santa Fe Manager's office where while working for the City Manager she scheduled appointments for the city manager, typed for him, answered telephones for the manager and at times for councilors, and made vouchers for councilors's trips, and ordered their supplies. Plaintiff was supervised by Stephanie Cisneros, an administrative assistant to the City Manager. Councilor Martinez was in the office more than the other councilors.

On August 17, 1998, Plaintiff recorded in her journal that Councilor Martinez was joking with Personnel Director Leo Griego making nasty remarks. Plaintiff stated that she could not remember what was said but that she had written the remarks in her journal. A copy of the "journal" contained the entry "Martinez joking w/ Leo Griego. Making nasty remarks" on the space for "Monday 17" in August, 1998. Plaintiff also testified that on August 19, 1998, after

seeing a picture of Martinez's daughter, Plaintiff told Martinez that he had a pretty daughter. Martinez responded, "Yeah, well, she ought to thank me because I did all the work in bed." Later that day, Plaintiff told her supervisor, Stephanie Cisneros, that Councilor Martinez "was kind of perverted." This opinion was based on the remarks made to Plaintiff by Martinez about his daughter, and also on remarks by Martinez concerning some woman's chest to Mark Basham. The remarks to Basham on August 19, 1998, and the remarks to Leo Griego on August 17, 1998, were the only off color remarks to third parties by Martinez in the workplace that Plaintiff could recall.

On September 16, 1998, while looking at her breast area, Martinez told Plaintiff that her skin looked good with the blouse she was wearing, and that the blouse might be cut a little too low. After these remarks on September 16, 1998, Plaintiff began to feel more nervous when Councilor Martinez was present. In October, 1998, Plaintiff was notified that she was being transferred to the police department and she asked why; however, she did not complain about the transfer. On October 21, 1998, when she mentioned the transfer to Councilor Martinez, who had come into the city manager's office while she was packing, he remarked, "Huh, so what? That means you are not going to be my Monica Lewinsky?" Plaintiff reacted negatively, Martinez laughed and said, "So where are you going?" Plaintiff replied, "The Police Department." Martinez said, "Oh, I bet the cops are going to be all over you over there, huh?" Plaintiff did not respond, and Martinez said "Don't let this get out", and then left the office.

Later the same day, while at lunch with Stephanie Cisneros, Plaintiff told Cisneros of the conversation with Martinez, saying, "Stephanie, Councilor Martinez came in and told me something awful". When asked by Cisneros what she had been told by Martinez, Plaintiff said that his "exact words" (Plaintiff's characterization in her deposition) were: "And I thought you were going to be my Monica Lewinsky." Cisneros told Plaintiff that this was sexual harassment;

2

however, Cisneros did not advise Plaintiff what action she could take in the circumstances. Neither Plaintiff nor Cisneros made a formal complaint to the city.

After leaving the City Manager's office, Plaintiff became aware of other incidents when Martinez allegedly acted improperly toward or made offensive remarks to women in and out of the workplace. Plaintiff makes numerous assertions based on her state of mind, her opinions, her speculations and her reactions to the matters set out above.

**Discussion.**

The material facts are essentially as set out above without any material disagreement. Plaintiff fails to set forth sufficient evidence to establish a claim of quid pro quo sexual harassment. Plaintiff's allegations that she "believed" that Councilor Martinez would provide political favors in exchange for sexual acts do not constitute evidence to support such a claim. See Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991) (conclusory and self-serving statements are insufficient to defeat summary judgment).

Nor does Plaintiff present adequate evidence to support a claim of a hostile work environment. "For a hostile environment claim to survive a summary judgment motion, the Plaintiff must show that a rational jury could find that the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." O'Shea v. Yellow Tech. Servs., Inc., 185 F.3d 1093, 1097 (10th Cir. 1999) (citing Penry v. Federal Home Loan Bank, 155 F.3d 1257, 1261 (10th Cir.1998)). Plaintiff presents evidence of three incidents during which Councilor Jimmy Martinez allegedly made sexually harassing remarks.[1] However,

---

[1] Plaintiff alleges that Martinez made "nasty remarks" to Leo Griego and told "dirty jokes" to Mark Basham. However, such allegations are vague, nonspecific, and otherwise unsupported and thus, cannot be considered evidence of sexual harassment. Moreover, the fact that Plaintiff cannot recall the specific comments allegedly made by Martinez to Griego and

the remarks of Martinez, although boorish, were not sufficiently severe or pervasive to support a claim of a hostile work environment. Martinez' conduct was not physically threatening or intimidating. Indeed, Plaintiff does not allege that Martinez ever touched her or attempted to touch her. Nor does Plaintiff provide evidentiary support for her suggestion that Martinez' remarks negatively impacted or interfered with her work. Plaintiff's alleged reactions, which seem stretched to her imaginative limit, are not consistent with her failure to take any meaningful steps to rectify the situation. After considering Plaintiff's evidence concerning the alleged conduct, the totality of the circumstances, and the applicable standard for analyzing a sexual harassment claim, the Court concludes that Plaintiff fails to make a showing sufficient to withstand summary judgment on this claim.

For the foregoing reasons, summary judgment should be entered in favor of the Defendant City of Santa Fe.

**WHEREFORE,**

**IT IS ORDERED** that Defendant City of Santa Fe's Motion for Summary Judgment (Docket #32) is **GRANTED,** and this Cause is dismissed with prejudice.

_____
UNITED STATES MAGISTRATE JUDGE

---

Basham indicates that she did not hear the comments or did not find them particularly memorable.